## Scheer v. Millbourne Storage Company.

*Witnesses—Discrediting witness by inconsistent former written statement.*
1. Where a witness called by one of the parties testifies to a state of facts tending to establish the other party's case, a written statement made by the witness before the trial is admissible to contradict or discredit him, but not for the purpose of establishing the facts set forth in the statement; hence, an instruction to the jury that if they discarded the witness by reason of the paper so introduced, it would become their duty to discredit his testimony, but not to substitute in place thereof the statements contained in the paper as evidence, is free from error.

*Personal injuries—Evidence—Agency—Direction by foreman to plaintiff to ride on chassis.*
2. In an action for personal injuries caused by plaintiff having been caught between a chassis and a truck, which was being towed by it, while attempting to dismount from the chassis, a direction to plaintiff by the foreman of defendant's garage, who had charge of all machines in it and was superintending the work of removing the truck, to ride on the chassis is within the scope of his employment, and is, therefore, admissible to establish defendant's liability.

Memorandum under Supreme Court Rule 58 of reasons for dismissing motion for a new trial. C. P. No. 2, Phila. Co., March T., 1921, No. 3590.

*E. Hepburn*, for plaintiff; *W. W. Smithers*, for defendant.

GORDON, JR., J., Nov. 10, 1923.—Two questions were argued by the defendant on the motion for a new trial; one relating to alleged error in the charge of the court, and the other to the admission of certain evidence hereafter referred to.

With respect to the first of these reasons, the trial judge charged the jury as follows:

"As I understand it, Mr. Smithers does not offer those statements as affirmative evidence of what they contain. Their only purpose is to destroy the testimony of the witnesses, not to substitute the statements in the papers as evidence in the case. If you discard those witnesses by reason of the intro-

duction of those papers, you will disregard their testimony in your minds, but you will not substitute the statements in the signed papers as evidence, because that is not the way things are proved in a judicial trial."

It appeared in the course of the trial that certain witnesses, called by the plaintiff and who testified to a set of facts tending to establish liability, had, shortly after the accident, made statements in writing which were contradictory to the testimony which they gave at the trial. The court permitted the defendant to cross-examine the witnesses upon these statements, and subsequently admitted the statements in evidence when they were offered by the defendant.

The defendant called no witnesses to testify to the truth of the facts contained in the statements. He asked the jury to disbelieve the testimony of the witnesses given at the trial, and to adopt as the true facts of the case the narrative of defence contained in the statements. Unsupported as these statements were in respect to the narratives contained therein by any evidence presented by the defendant, we are satisfied that the jury would not have been justified in finding facts based upon such narratives. In our opinion, the part of the charge complained of correctly states the law and the duty of the jury in considering the statements. Their sole function was to destroy and discredit the testimony of certain witnesses called by the plaintiff. They had no other evidential value in the case.

With respect to the second reason of the defence in support of the motion for a new trial, namely, the refusal of the court to strike out the testimony of certain witnesses upon a particular point, we feel that there was no error in this action. The defendant was in the hauling business, using trucks which he owned and drivers thereof whom he employed. The plaintiff engaged the defendant to haul certain goods from a point outside to a place within the city on a certain day. For the purpose of showing the location of the property to be hauled, it was arranged that the plaintiff should go to the defendant's garage on the day in question and accompany the truck which was to do the hauling. The plaintiff appeared in due time at the defendant's garage and the defendant's foreman directed one of his drivers to take a particular truck then in the garage and do the work contracted for. It was found that the truck would not start. The defendant's foreman thereupon directed another driver to take a chassis on which there was no body and which was in working order, and to tow the truck which had been assigned to do the hauling for the plaintiff down the street in an attempt to start it. The plaintiff mounted the rear of the chassis when the towing operation began. In a short distance the engine of the truck started, and a signal was given to the driver of the chassis to stop. He did so, and the plaintiff proceeded to dismount from the rear of the chassis. The accident happened because defective brakes on the towed truck prevented the driver from stopping it, so that it ran into the chassis ahead and squeezed the plaintiff between the two machines as he was in the act of dismounting.

The testimony which the defendant objected to and moved to strike out, and which is the basis of his request for a new trial, was the evidence of witnesses to the effect that the defendant's foreman directed the plaintiff to sit on the rear of the chassis during the towing operation. It was contended by the defendant that the contract of hiring related solely to the towed truck; that the plaintiff had no right to mount the chassis, and that the direction of the defendant's foreman to the plaintiff to get up on the chassis was not within the scope of the foreman's authority, and could not, therefore, bind the defendant. We cannot agree with this contention.

3 D. & C.

The foreman was in charge of the defendant's garage and of the machines in it. He was acting within the scope of his authority in superintending the work of attaching the chassis to the truck and towing it for the purpose of starting the motor, and had complete control over the whole operation. In our opinion, he had authority to direct the plaintiff to mount the chassis during the towing operation. His instructions to the plaintiff were clearly within the scope of his employment, and the evidence respecting them was, therefore, admissible.

Apart from the question of agency, however, plaintiff was on the chassis in clear view of all of the defendant's servants, who were engaged in the operation of starting the truck. He was on the chassis with their knowledge and consent, and they were bound to exercise ordinary care to protect him from danger and injury. Whether such care was exercised was for the jury to determine, and they having determined this question, we see no reason for granting a new trial.